Preston v. Slocomb and others.

## JOHN PRESTON *v.* CORA ANN SLOCOMB and others.

Plaintiff intervened in a suit in which defendants had attached certain property as belonging to their debtors, claiming it as his, together with " any loss he might sustain by reason of said seizure." There was no other allegation of any injury or damage caused by the seizure, nor was evidence offered to prove any. The property was adjudged to the intervenor, but no damages were allowed, nor was any claim for them urged, nor was the cause asked to be remanded to assess them. In a subsequent action by the intervenor for damages sustained by the attachment, and exception *rei judicatæ* : *Held,* that the exception should be overruled ; the actions not being the same, nor founded on the same cause of action. C. C. 2245.

THE plaintiff appealed from a judgment of the District Court of the First District, *Buchanan,* J., sustaining an exception of *res judicata,* and dismissing an action instituted by him against the defendants for damages, in consequence of an illegal attachment of his property, in an action against certain debtors of the latter, in which the plaintiff had intervened and recovered the property. The first mentioned suit was tried before the Commercial Court of New Orleans.

*Vason,* for the appellant. The exception should have been overruled below. The Commercial Court had no jurisdiction of the question of damages. See act of the 14th March, 1839, sect. 3, establishing that court. Moreover, the intervenor could not have recovered dmages in the original suit. He could only claim them in a subsequent action.

*Eggleston,* for the defendants. The exception was properly sustained. Civil Code, art. 2265. *Plique et al.* v. *Perret et al.* 19 La. 327. Code Pract., art. 394. The Commercial Court had jurisdiction. Whenever a question of title to real estate, or of damages, arises incidentally, the judge of the court having jurisdiction of the principal matter, may decide it. Code of Pract., art. 392.

GARLAND, J. This is an action for damages, which the plaintiff alleges were caused by the defendants attaching his property, in a suit brought by them against the Real Estate Bank of Arkansas, decided in this court, in April, 1842. 2 Robinson, 92. The plaintiff intervened in that suit, and claimed the cotton

attached as his property, together with "any loss he may sustain by reason of said seizure."

On the appeal of the plaintiff, then intervenor, to this court, the cotton was adjudged to be his property, but the claim for damages was not pressed, nor was it asked that the case should be remanded to have them assessed, none having been allowed in the judgment of the Commercial Court, which was against the then intervenor. The petition now sets forth special grounds for damages, to wit, the necessity of employing counsel, the loss occasioned by laying out of the use of his property and money for nearly a year, and other causes. The defendants, in their answer, present the peremptory exception of the thing adjudged, and other grounds of defence, which it is not necessary to state, as the exception was sustained, and the suit dismissed; from which judgment the plaintiff has appealed.

The sole question is, whether the court erred in sustaining the exception; and to ascertain that, it is necessary to see what was the matter in contest between the plaintiff and defendants, in the suit of the latter against the bank. We have carefully examined the petition of intervention in that case, and do not find any allegation in it of any injury or damage caused by the seizure of the cotton; nor was any evidence offered to prove any. There is nothing to prove a demand for damages, further than the prayer, that Slocomb, Richards & Co. may pay "any loss he may sustain by reason of said seizure." No inquiry was gone into in relation to such loss, nor was the court asked to go into it; if it had been so required, it might have been well questioned whether any testimony could have been received in relation to damages, when there was no allegation of any having been sustained. Article 2245 of the Civil Code says: "The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other, in the same quality." Upon a comparison of the allegations in the petition of intervention, and those now before us we cannot say that they are the same, nor founded on the same

cause. We, therefore, cannot concur with the court below, in sustaining the exception.

It is ordered and decreed, that the judgment be annulled and reversed, and the cause remanded to the District Court, to be further tried and proceeded in according to law; the defendants paying the costs of this appeal.